**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHRISTINE LUNFORD

    Plaintiff,

                              CIVIL ACTION
                              FILE NO.: 8:15-cv-220-T-23TBM

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC

    Defendant.
_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls and unlawful contact made by Defendant.

Plaintiff, an individual and consumer, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant, who is a debt collector, for violations of State and Federal law as set forth below.

Plaintiff alleges that Defendant contacted Plaintiff's in a manner that violates 15 U.S.C. 1601 et. seq. and Chapter 559.72(7)of the Florida Statutes, because Defendant continued to contact Plaintiff and said contact on the part of Defendant was also contrary to Plaintiff's cease and desist instructions as Defendant knew that Plaintiff instructed Defendant to stop contacting Plaintiff's. Yet Defendant chose to contact Plaintiff without regard to Plaintiff's lawful rights, with the intent to annoy and harass Plaintiff. Upon information and belief, Plaintiff alleges that Defendant called her cell phone more than one hundred and forty times in a three month period of time, even after Defendant was told to stop calling Plaintiff and

even though Defendant's very own call logs repeatedly noted the "do not call" status related to Plaintiff's cell phone number.

In addition, Defendant called Plaintiff's cell phone repeatedly without authorization in violation of the Telephone Consumer Protection Act by calling Plaintiff's cell phone with an automated telephone dialing system. The last four digits of Plaintiff's cell phone number are 4096.

## II. PARTIES

1. Plaintiff is a natural person and consumer residing in Pinellas County, Florida.

2. Defendant is a foreign for profit corporation, accountable under 15 U.S.C. 1601, et. seq. as well as Chapter 559 of the Florida Statutes and Defendant is a debt collector and is also liable under 47 U.S.C. 227, the Telephone Consumer Protection Act.

3. Defendant, a self described "debt collector", was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiff, which gives rise to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pinellas County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. Factual Allegations

6. Plaintiff is a consumer.

7. Defendant is a debt collector.

8. Plaintiff issued cease and desist instructions to Defendant on the second or third time that Defendant called Plaintiff's cell phone.

9. Defendant continued to contact Plaintiff in regards to the alleged debt multiple times after Plaintiff had issued a cease and desist instruction which Defendant received.

10. Defendant uses the address 245 Main Street, Dixon City, PA 18519

11. Plaintiff sent a cease and desist letter to Defendant's 245 Main Street, Dixon City, PA 18519 address with appropriate postages and an accurate return address first class mail.

12. Upon information and belief, Defendant received Plaintiff's above referenced cease and desist communication within 3-5 days of Plaintiff's mailing of the same.

13. Defendant receives mail at 245 Main Street, Dixon City, PA 18519, including mail sent via U.S. First Class Mail through the United States Post Office.

14. Defendant sends mail through the United States Post Office.

15. Defendant sends mail through the United States Post Office using First Class Mail.

16. Defendant has communicated to Plaintiff using First Class Mail through the United States Post Office.

17. Defendant uses First Class Mail via the United States Post Office to send notices and letters to consumers, including Plaintiff.

18. In the past three years, Defendant has employed more than one employee to retrieve Defendant's incoming mail.

19. Defendant only logs incoming certified mail.

20. Defendant keeps no log of incoming first class mail.

21. Defendant employees approximately 110 employees.

22. Defendant employees a compliance officer who testified on May 21, 2015 that he has knowledge of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and also the Fair Credit Reporting Act.

23. Defendant employees a compliance offer who testified on May 21, 2015 that he has no first hand knowledge as to the content of the conversations between Defendant and Plaintiff during the above referenced one hundred and forty or more calls made by Defendant to Plaintiff's cell phone.

24. Defendant does not maintain a written policy of handling incoming first class mail.

25. Defendant does not publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

26. Defendant does publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

27. Defendant does not own any of debts that Defendant was attempting to collect from Plaintiff.

28. Defendant's compliance officer testified on May 21, 2015 that he had no documents evidencing consent to call Plaintiff's cell phone, but that he believed one of Defendant's underlying customers may ultimately be able to provide such a document.

29. Defendant's compliance officer testified on May 21, 2015 that he was unable to identify which calls made by Defendant to Plaintiff's cell phone were connected to which alleged debt.

30. Defendant did not issue initiating correspondence to Plaintiff giving Plaintiff an opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff.

31. Defendant did issue initiating correspondence to Plaintiff giving Plaintiff an opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff.

32. Defendant has no factual basis to allege a consumer debt against Plaintiff.

33. Defendant was not entitled to contact Plaintiff after having been notified that Plaintiff did not want Defendant to contact Plaintiff again.

34. Defendant's office addresses each contain computers with internet access.

35. Defendant's office address at 245 Main Street, Dixon City, PA 18519 contains computers with internet access.

36. Defendant maintained computers at each of Defendant's business addresses for the four years preceding this complaint.

37. Defendant uses telephones to contact consumers.

38. Defendant uses predictive dialers (as defined by the Telephone Consumer Protection Act) to contact consumers via phone.

39. Defendant uses automated telephone dialing systems (as defined by the Telephone Consumer Protection Act) to contact consumers via phone.

40. Defendant contacted Plaintiff, calling Plaintiff's cell phone telephone using an automated telephone dialing system to place in excess of 140 calls to Plaintiff's cell phone.

41. Defendant maintains a paper file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

42. Defendant maintains an electronic file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

43. Defendant maintains business records.

44. Among Defendant's business records, Defendant has documents, electronic and or paper, that contain Plaintiff's name and address.

45. Defendant is accountable under the Fair Debt Collection Practices Act and also the Telephone Consumer Protection Act.

46. Defendant is accountable under Chapter 559.72 of the Florida Statutes.

47. Defendant is not exempt from the Fair Debt Collection Practices Act.

48. Defendant is not exempt from Chapter 559.72 of the Florida Statutes.

49. Defendant conducts interstate commerce in the United States.

50. Defendant maintains a call center in the United States.

51. Defendant publishes no time frame for the processing of Defendant's incoming mail.

52. Defendant publishes no time frame for opening Defendant's incoming mail.

53. Defendant's internal policies and procedures do not specify any particular time for opening incoming mail.

54. Defendant does not prioritize certified mail over mail Defendant receives via First Class mail.

55. Defendant does not treat incoming first class mail any different that certified mail that Defendant receives.

56. Defendant does not require consumers to contact Defendant via certified mail.

57. Defendant did not require Plaintiff to contact Defendant via certified mail.

58. Defendant contacted Plaintiff in writing on at least one occasion prior to the filing of this action.

59. Defendant's compliance officer testified on May 21, 2015 that he has completed ACA training in regards to consumer law.

60. Defendant's compliance officer testified on May 21, 2015 that Defendant's "collectors" receive training in regards to consumer law.

61. Defendant's compliance officer testified on May 21, 2015 that Defendant called Plaintiff's cell phone 147 times between June of 2013 and October of 2013.

62. Defendant's compliance officer testified on May 21, 2015 that Defendant had no recordings of the 147 calls referenced above.

63. Defendant's compliance officer testified on May 21, 2015 that he had no first hand knowledge as to the content of the 147 calls referenced above.

64. Defendant's compliance officer testified on May 21, 2015 that he did not know whether Defendant communicated with Plaintiff in writing.

65. Defendant's compliance officer testified on May 21, 2015 that Defendant normally begins placing collection calls to alleged debtors prior to sending said alleged debtors validation or dunning variety letters.

66. Defendant's compliance officer testified on May 21, 2015 that Defendant maintains a binder of operating procedures that contain Defendant's policies and practices in regards to the collection of consumer debts.

67. Defendant's compliance officer testified on May 21, 2015 that Defendant would be obligated to stop contacting a consumer if a consumer asks Defendant to stop contacting said consumer.

68. Defendant's compliance officer testified on May 21, 2015 that it would be against Defendant's policy for Defendant to continue contacting a consumer after Defendant had been told by a consumer to stop contacting said consumer.

69. Defendant's compliance officer testified on May 21, 2015 that Defendant does not communicate with alleged debtors using first class mail on account of "costs."

70. Defendant's compliance officer testified on May 21, 2015 that Defendant did not advise Plaintiff that Defendant could be contacted only through certified mail.

71. Defendant has no policy requiring alleged debtors to communicate with Defendant via certified mail.

72. Defendant has stipulated on the record, during the deposition of Defendant's compliance officer on May 21, 2015 that the 147 calls **in this case** were made with an automated telephone dialing system.

### IV.

**Violations of Federal Consumer Protection Statues 15 U.S.C. 1601 et. seq. and 47 U.S.C 227.**

73. Plaintiff re-alleged and incorporated paragraphs above set forth above.

74. These complained of actions (as alleged above, including but not limited to paragraphs 1 to 72) on the part of Defendant (contact with Plaintiff after Defendant had actual knowledge of Plaintiff's cease and desist) constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1601 generally, and 15 U.S.C. 1692(c), 15 U.S..C. 1692 (d) and is further liable for attorney fees and costs under 15 U.S.C. 1692(k), because Defendant continued to contact Plaintiff after being advised that such contact was against Plaintiff's the wishes and directives of Plaintiff, in a manner designed to harass or annoy Plaintiff and to disregard the lawful rights of Plaintiff by calling Plaintiff's phone and causing it to ring repeatedly with the intent to harass and/or annoy Plaintiff, in violation of the **Fair Debt Collection Practices Act.**

75. In addition, *these same complained of actions (*referenced above) also violated the Telephone Consumer Protection Act because Defendant called Plaintiff's cell phone with an automated telephone dialing system, calling Plaintiff's cell number ending in 4096 repeatedly with an ATDS as defined by the statute without consent for non-emergency purposes in the four month preceding the institution of this action, thereby violating the **Telephone Consumer Protection Act.**

76. Indeed, Plaintiff advised Defendant to stop contacting Plaintiff's and that Plaintiff did not wish to receive any more calls or contact from Defendant, yet Plaintiff continued to be contacted by Defendant (post cease and desist instruction), who intended to harass and or annoy Plaintiff and by disregarding the rights of Plaintiff under the law, and continuing to contact Plaintiff in regards to an alleged consumer debt.

### VIII. Violations of Chapter 559 of the Florida Statutes.

77. Plaintiff re-alleges and re-incorporates paragraphs above.

78. Again, Plaintiff advised Defendant during the course of Defendant's contact with Plaintiff that Plaintiff no longer wanted Defendant to contact her and that Plaintiff did not want to receive any more calls or contact from Defendant.

79. Defendant ignored Plaintiff's request and cease and desist instructions which were given to Defendant and Defendant continued to contact Plaintiff (post cease and desist instruction), in disregard of Plaintiff's rights.

80. Defendant's conduct and disregard of Plaintiff's rights and Defendant's decision to continue contacting Plaintiff after being advised not to do so, constituted an intentional disregard for Plaintiff rights under Florida law, including Chapter 559.72(7) of the Florida Statutes.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to 15 U.S.C. 1601 as well as 47 U.S.C. Section 227 as well as Chapter 559.77 of the Florida Statutes;

(2) Fair and reasonable costs of this action, court costs and attorney's fees, where provided for by law;

(3) Such other and further relief that the Court deems just and proper.

s/ W. John Gadd
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ W. John Gadd_____

FL Bar Number 463061

Bank of America Building

2727 Ulmerton Road, Ste. 250

Clearwater, Florida 33762

Tel - 727-524-6300

Email – wjg@mazgadd.com